[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The defendants move to strike counts two and four of the plaintiff's complaint on the ground of legal insufficiency.
COUNT TWO
The plaintiff Abdillahi Haji-Ahmed alleges that the defendant Kimberly Lake operated a motor vehicle in reckless disregard of General Statutes § 14-222, and that the violation of this statute was a substantial factor in causing injuries to the plaintiff. The plaintiff further alleges that the defendants Munro and Lynn Lake are liable for Kimberly Lake's recklessness under the family car doctrine.
The defendant first argues that this count does not state a claim for recklessness because it does not state additional reckless conduct, but merely restates the negligence claim. Section 14-295 of the General Statutes provides in pertinent part that "[i]n any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section . . . 14-222, CT Page 13168 . . . and that such violation was a substantial factor in causing such injury. . . ."
Here, the plaintiff, by alleging that the defendant acted with reckless disregard in operating a motor vehicle in violation of § 14-222, and that this violation was a substantial factor in causing injury, has adequately stated a claim under § 14-295. SeeCarta v. Cohn, Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey, J.T.R.) (the majority view among the Superior Court is not to require the plaintiff to plead additional reckless conduct to state a claim under § 14-295); but see Cloutier v. Meinerth, Superior Court, judicial district of Danbury, Docket No.. 323840 (February 25, 1993, Moraghan, J.) (to state a claim under § 14-295, the plaintiff must plead additional reckless conduct).
The defendants next argue that count two does not state a claim against the defendants Lynn and Munro Lake because the parents of a driver cannot be held liable for the driver's recklessness under the family car doctrine. "[N]either General Statutes § 52-182[1] nor the common law impose punitive damages on the owner of an automobile for the reckless conduct of the operator. . . ." Doran v. Blasko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328351 (September 9, 1997, Stodolink, J.). Accordingly, Munro and Lynn Lake cannot be held liable for Kimberly Lake's recklessness under the family car doctrine. See id.
COUNT FOUR
The plaintiff alleges that the defendant owner of the car, Ford Motor Credit Corporation Inc., is liable for the reckless conduct of the defendant driver, Kimberly Lake.
Section 14-154a of the General Statutes provides that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." "[T]he damages recoverable under 14-154a include treble damages, whenever treble damages are properly assessed against the operator." Gionfriddo v. Rent A CarSystems, Inc., 192 Conn. 280, 285, 472 A.2d 306 (1984). Here, the defendant Ford Motor Credit Corporation, Inc. was the owner and lessor of the vehicle that the defendant Kimberly Lake was CT Page 13169 driving at the time of the accident. Accordingly, the plaintiff may properly state a claim against the defendant Ford Motor Credit Corporation, Inc. for double or treble damages as a result of the driver's recklessness.
The defendant's motion to strike is granted as to the claim against Munro and Lynn Lake for Kimberly Lake's recklessness, and denied as to the remaining claims.
HICKEY, J.